IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| HAROLD B. MASON, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:12-CV-159 (WLS) |
| CHARLES GEORGE, KATHY BATSON, and FLINT RIVERQUARIUM, | : |
| Defendants. | : |

## ORDER

Presently pending before the Court is Plaintiff's Motion for Injunction. (Doc. 26.) Therein, Plaintiff requests that Defendants be enjoined from deducting child support from his wages. (*Id.*) Per Plaintiff, the child-support deductions are the result of retaliation and "if not stopped will attempt and/or cause further financial hardships." (*Id.* at 2.) In opposition to Plaintiff's motion, Defendants request that the Court deny Plaintiff's motion on the grounds that the deductions from Plaintiff's wages were done pursuant to a Child Support Order.[1] (Doc. 29.) Plaintiff did not file a reply in support of his motion, or otherwise rebut Defendants' assertion that the deductions were done in compliance with a court order.

To obtain a preliminary injunction, the moving party must show (1) substantial likelihood of success, (2) irreparable harm, (3) that the balance of equities favors granting the injunction, and (4) that the public interest would not be harmed by the

---

[1] Defendants also contended that Plaintiff's Motion for Injunction fails because it sets forth allegations against Flint RiverQuarium, though Flint RiverQuarium was not named as a defendant at the time Plaintiff filed his motion. However, Plaintiff has since amended his Complaint to include Flint RiverQuarium as a named defendant. (Doc. 32.) Accordingly, Defendants' arguments about the proper party are moot.

injunction. *Mesa Air Group, Inc. v. Delta Air Lines, Inc.*, 573 F.3d 1124, 1127 (11th Cir. 2009) (citing *BellSouth Telecomms., Inc. v. MCImetro Access Transmission Svcs., LLC*, 425 F.3d 964, 968 (11th Cir. 2005)). The Eleventh Circuit has held that "a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (citations omitted). Additionally, "a court [only] enters a preliminary injunction . . . where there is no adequate remedy at law." *Reynolds v. Roberts*, 207 F.3d 1288, 1299 (11th Cir. 2000) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)).

The Court construes the allegations contained in Plaintiff's motion for injunction as a Title VII retaliation claim. To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that: 1) he engaged in statutorily protected activity; 2) suffered an adverse employment action; and 3) the adverse action was causally related to plaintiff's protected activities. *Little v. United Technologies, Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997). Here, Plaintiff has not rebutted Defendants' assertion that the child-support deductions were done pursuant to a court order, or offered anything other than a conclusory allegation that the deductions were "made as a matter of retaliation." As such, Plaintiff has failed to allege facts in his motion for injunctive relief sufficient to show that the deductions were retaliatory, *to wit*, that there is a causal connection between the deductions and his protected activities. Therefore, Plaintiff has failed to demonstrate a substantial likelihood of success on his Title VII

retaliation claim (as that claim is currently pleaded in his Motion for Injunction),[2] and has thus failed to establish an entitlement to injunctive relief. Accordingly, Plaintiff's Motion for Injunction (Doc. 26) is hereby **DENIED**.

    **SO ORDERED**, this  24th  day of May, 2013.

                                          /s/ W. Louis Sands
                                          **THE HONORABLE W. LOUIS SANDS,**
                                          **UNITED STATES DISTRICT COURT**

---

[2] The Court notes that Plaintiff's Motion for Injunction is technically an improper attempt to amend his Complaint to include a retaliation claim arising out of the child-support deductions. Generally the proper way to amend a complaint is through a motion for leave to amend, not a motion for injunctive relief. However, because Defendants did not object to Plaintiff's attempt to assert a new theory underlying his retaliation claim, the Court has addressed the merits of the claim as they pertain to Plaintiff's request for injunctive relief. *See* Fed. R. Civ. P. 15(b) ("When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."); *see also Steger v. General Elec. Co.*, 318 F.3d 1066, 1077 n.11 (11th Cir. 2003) (noting that "issues not raised in the pleadings may be treated as if they were properly raised when they are 'tried by express or implied consent of the parties' [under Federal Rule Civil Procedure 15(b)]").