**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| HAROLD B. MASON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:12-CV-159 (WLS) |
| | : | |
| CHARLES GEORGIA, KATHY | : | |
| BATSON, and FLINT RIVERQUARIUM,: | | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

On May 24, 2013, the Court entered an order denying Plaintiff's Motion for Preliminary Injunction. (Doc. 38.) On May 29, 2013, Plaintiff filed a "Response to Preliminary Injunction Denial." (Doc. 39.) Construing Plaintiff's response to the Court's Order as a Motion for Reconsideration, on June 11, 2013, Defendants filed a Response in Opposition to Plaintiff's Motion for Reconsideration. (Doc. 44.) In reply to Defendant's response in opposition, Plaintiff stated that his response was not a Motion for Reconsideration. (Doc. 45.) However, since the Court similarly construes Plaintiff's response to the Court's Order as a Motion for Reconsideration, the Court will treat it as such. For the following reasons, Plaintiff's Motion for Reconsideration (Doc. 39) is **DENIED**.

As noted by the Eleventh Circuit in *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993), relief granted from motions for reconsideration is within "the sound discretion of the district judge." The Court's Local Rules also address motions for reconsideration, and provide, in relevant part:

**7.6   MOTIONS FOR RECONSIDERATION.** Motions for Reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the Clerk of court within fourteen (14) days after entry of the order or judgment.

M.D. Ga. Local R. 7.6. It is the longstanding practice of this Court to grant a motion for reconsideration only when the movant timely demonstrates that either: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

With these standards in mind, the Court finds that Plaintiff has failed to demonstrate the existence of any of the three factors listed above. In his Motion for Reconsideration, Plaintiff states that his Motion for Preliminary Injunction "was not about child support deductions that were made as retaliation by defendants." (Doc. 39 at 1.) Rather, Plaintiff states that his Motion for Injunction concerned: 1) Defendants tampering with his time sheet so as to cause financial harm; 2) Defendants wrongfully terminating him for a "Write-up based upon the New Year Staff Party and Start Time;" and 3) "[D]efendants acknowledging they did not speak with [him] on the stated altercation" for a "matter that is being filed in the Superior Court as of May 30th, 2013." (*Id.* at 1-2.)

After reviewing these "clarifications" about what Plaintiff's request for injunctive relief really concerned, the Court finds them to be insufficient for overturning the Court's denial of Plaintiff's Motion for Preliminary Injunction. "Additional facts and arguments that should have been raised in the first instance are not appropriate

grounds for a motion for reconsideration." *Groover v. Michelin North Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). The Court addressed Plaintiff's initial allegations in the only legal framework likely applicable to the case at bar—a Title VII retaliation claim—and found the allegations insufficient to state a claim. Plaintiff has offered no arguments to make the Court reconsider this denial. He has simply offered additional facts that in no way address the Court's stated concerns about the legal insufficiency of his Title VII retaliation claim. Accordingly, for the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 39) is **DENIED**, and the Court's Order denying Plaintiff's Motion for Preliminary Injunction (Doc. 26) still stands.

**SO ORDERED**, this _25th_ day of June, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**