**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| HAROLD B. MASON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:12-CV-159 (WLS) |
| | : | |
| CHARLES GEORGE, | : | |
| KATHY BATSON, and | : | |
| FLINT RIVERQUARIUM, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

Presently pending before the Court is Defendants' Motion for Contempt and Sanctions (Doc. 69). Therein, Defendants request that the Court sanction Plaintiff for his failure to comply with the Court's Order compelling him to supplement his discovery responses. Defendants also request that Plaintiff be ordered to pay Defendants' costs and attorney fees for having to raise the discovery issue before the Court once again.

At a hearing held August 7, 2013, the Court ordered Plaintiff to supplement his responses to Defendants' discovery requests within fourteen days. (Doc. 68 at 1.) The Court advised Plaintiff that his failure to respond properly and adequately to discovery could result in the imposition of sanctions. Specifically, the Court informed Plaintiff that if he did not respond fully and adequately to discovery, that the record evidence would close and be limited to only the facts and evidence disclosed during discovery, in accordance with the Rules and Orders of the Court. Accordingly, Plaintiff was informed that if the case proceeded to dispositive motions or trial, no undisclosed facts would be

permitted for introduction.  Despite these admonitions, Plaintiff has yet to supplement his discovery responses.

In his Response in Opposition to Defendants' Motion, Plaintiff states that discovery was extended until October 21, 2013. (Doc. 70.)  Yes, the Court did reset the discovery completion deadline for October 21, 2013, at the hearing.  (*See* Doc. 67.)  However, it was made very clear to Plaintiff, both at the hearing and by written order, that *his* deadline to supplement his discovery responses was **not later than fourteen days** after the hearing.  Plaintiff also contended that the burden was on Defendants to "rephrase questions" lest he (Plaintiff) be required to file another Motion to Compel. (Doc. 70 at 1.)  Again, the Court placed no such burden on Defendants.  The Court *ordered* Plaintiff to supplement his responses.  This was done in plain English and in a manner that Plaintiff undoubtedly understood.  Finally, Plaintiff once again asserted his belief that certain requested information has no "relevancy" to this case.  (*Id.* at 2.)  This statement, however, was made only in reference to the request for Plaintiff's tax records and provides no explanation as to why Plaintiff failed to respond to all other discovery responses, as directed to by the Court.

After reviewing the correspondence between the parties and Plaintiff's brief in opposition, it is clear that Plaintiff has decided that he will conduct discovery his way or no way—a misguided notion, even in view of the creativity that often accompanies litigation.  Discovery is an important tool to the litigation process.  It helps to facilitate the orderly resolution of cases by encouraging parties to "show their hands" while at the same time prohibiting parties from "hiding the ball" as though litigation is nothing but a game of "gotcha.".  When a party thumbs its nose at the discovery process, as Plaintiff has done here, Federal Rule of Civil Procedure 37 permits the Court to impose an

appropriate sanction. Fed. R. Civ. P. 37(b)(2). These sanctions can include: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; or the more draconian measure, (v) dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(i)-(iii), (v). "District courts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).

Defendants state that Plaintiff's actions satisfy the requirements for dismissal. (Doc. 69-1 at 5-6) (citing *Thomas v. Montgomery Cnty. Bd. of Ed.*, 169 F. App'x 562, 564 (11th Cir. 2006) ("A district court may, in the proper exercise of its discretion, dismiss with prejudice a complaint for failure to prosecute upon (1) concluding a clear record of delay or willful contempt exists; and (2) making an implicit or explicit finding that lesser sanctions would not suffice.") The Court fully understands Defendants' frustration. Here, however, the Court does find that lesser sanctions will suffice, and that dismissal, while tempting, or arguably appropriate, is not a punishment that necessarily fits the wrong. *Thomas*, 169 F. App'x at 564 ("[D]ismissal for failure to prosecute is a severe "sanction of last resort that is to be utilized only in extreme situations[.]") Instead, Plaintiff's punishment for his failure to comply with very clear and direct orders from this Court should be lying in the bed he has made. Therefore, rather than dismiss Plaintiff's Complaint, the Court concludes that Plaintiff will not be permitted to submit any additional information in support of his discrimination claims. This means that Plaintiff will not be permitted to defend against summary judgment

with any information (including specific allegations of discrimination, other facts and evidence) that *has not been previously disclosed to Defendants as of the date of this Order*.   Accordingly, Defendants' Motion for Sanctions (Doc. 69) is **GRANTED** consistent with this Order.[1]   By virtue of the Court's conclusion that Plaintiff is no longer permitted to submit any additional to discovery to Defendants, Defendants' Motion to Compel (Doc. 33) is **MOOTED**.

With regard to Defendants' request for fees, Rule 37 also states that if a party's motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  The Court may excuse this requirement where (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).  The rule states that the Court must give the non-disclosing party an opportunity to be heard.  Therefore, Plaintiff is **ORDERED** to file a written memorandum stating why the Court should not award fees for his further failure to respond to discovery.  Plaintiff's brief should be *narrowly tailored* to addressing only those reasons why a fee award is not warranted.  The text of said memorandum shall not exceed **three (3) pages**.  Said memorandum shall be filed not later than **Wednesday, October 30, 2013**.  After receipt of Plaintiff's memorandum, the Court

---

[1] This consequence was entirely avoidable by Plaintiff and results from Plaintiff's intentional failure to comply with the Court's orders.

will then rule on whether Defendants should receive reasonable attorney's fees incurred in bringing the instant discovery motion.[2]

        **SO ORDERED**, this   16th   day of October, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[2] Defendants' Reply in Support of its Motion for Contempt and Sanctions was out of time, filed 40 days after Defendants' Motion was filed.  Therefore, the Court did not consider the Reply.