**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| HAROLD B. MASON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE No.: 1:12-CV-159 (WLS) |
| : | |
| CHARLES GEORGE, : | |
| KATHY BATSON, and : | |
| FLINT RIVERQUARIUM, : | |
| : | |
| Defendants. : | |
| : | |

### ORDER

On October 16, 2013, the Court granted Defendants' Motion for Contempt and Sanctions (Doc. 69), finding that Plaintiff should be sanctioned for his failure to obey the Court's discovery orders. (Doc. 73.) The Court also stated that, absent one of the exceptions enumerated by Federal Rule of Civil Procedure 37(a)(5)(A), Defendants would be entitled to fees and gave Plaintiff until October 30, 2013, to submit a written memorandum stating why fees were not warranted. (*Id.* at 4.) Plaintiff submitted said memorandum on October 25, 2013. (Doc. 77.) Therein, Plaintiff stated that he "did in fact respond to the Court's Order by objection in layman terminology and submitted said rules in support of each interrogatory answer." (*Id.* at 1.) The Court finds this statement to be insufficient to avoid the imposition of reasonable fees.[1]

Specifically, a review of Plaintiff's own submissions shows that Plaintiff did not serve his supplement to his Interrogatory Responses until September 20, 2013. (Doc.

---

[1] On November 14, 2013, Defendants replied to Plaintiff's memorandum. (Doc. 73.) While the Court's October 16, 2013 Order did not make provisions for a reply from Defendants, the Court has reviewed said reply and agrees that Plaintiff's response fails to show that a fee award is not warranted.

1

77-2 at 1.) There is also no evidence in the documents submitted to the Court that Plaintiff ever submitted a supplement to his responses to Defendants' Request for Production of Documents, though Defendants moved to compel responses to RFP Nos. 1,2, 3, and 8. (*See* Doc. 34 at 20-23.) Nevertheless, at the hearing, and later by written order, the Court ordered Plaintiff's to supplement his discovery responses ***not later than August 21, 2013***. Counsel for Defendants even informed Plaintiff that his deadline to supplement his responses was August 21, 2013, and offered Plaintiff an extension until August 23, 2013. (Doc. 69-1 at 4.) Thus, Plaintiff's September 20, 2013 submission was clearly untimely, and Plaintiff's response to the Court's Order regarding sanctions is devoid of any showing that Plaintiff's failure to respond to discovery in a timely fashion was "substantially justified" or that "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Though the Court gives *pro se* plaintiffs plenty of leeway, the Court cannot countenance *any* litigant playing fast and loose with Court mandates, especially where such conduct interferes with the orderly administration of a case. Plaintiff's initial responses to discovery were, as Defendants allege, largely "evasive, incomplete, and inadequate"—a fact that has made this litigation unnecessarily protracted. Therefore, because Plaintiff has failed to adequately respond to discovery and to comply with the Court's discovery orders, the Court finds that Defendants are entitled to fees pursuant to Rule 37(a)(5)(A).

Accordingly, Defendants are hereby **ORDERED** to file a detailed account of the expenses incurred in moving to compel Plaintiff's discovery responses **within SEVEN (7) DAYS from the date of entry of this Order**. Plaintiff shall have **SEVEN (7) DAYS** from date of Defendants' filing to submit a response, if any. After passage of the

aforementioned deadlines, the Court will consider the amount of reasonable fees incurred by Defendants in bringing their Motion to Compel (Doc. 33).

**SO ORDERED**, this   18th   day of November 2013.

/s/ W. Louis Sands
**W. LOUIS SANDS, UNITED STATES DISTRICT COURT**