IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| HAROLD B. MASON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:12-CV-159 (WLS) |
| | : | |
| CHARLES GEORGE, | : | |
| KATHY BATSON, | : | |
| and FLINT RIVERQUARIUM, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Presently pending before the Court is Plaintiff's Motion for Leave to Amend Complaint. (Doc. 87.) Therein, Plaintiff seeks leave to amend his current complaint to include two new defendants, Sherrell Lamar and Vickie Churchman, and to allege claims for wrongful termination and retaliation against these individuals arising under federal and state law. (*Id.*; Doc. 87-1.) Defendants responded in opposition to Plaintiff's Motion on January 7, 2014, setting forth various reasons why Plaintiff's request to amend should be denied. (Doc. 92.) Plaintiff submitted a reply in support of his motion on January 10, 2014. (Doc. 94.)

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give … when justice so requires." Fed. R. Civ. P. 15(a)(2). Unless a substantial reason exists to deny the motion, such as undue prejudice or delay, movant's bad faith or dilatory

1

motive, repeated failure to cure deficiencies, or futility, the interests of justice require that leave to amend be granted. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Importantly, however, when a motion to amend is filed after a Court has entered its scheduling order, the movant is required to meet the "good cause" requirements under Rule 16(b) before the Court may consider whether the amendment is proper under Rule 15(a). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2, 1419 (11th Cir. 1998); *Datastrip Int'l, Ltd. v. Intacta Techs., Inc.*, 253 F. Supp. 2d 1308, 1317 (N.D. Ga. 2003) ("Courts evaluating motions to amend under these circumstances must apply the good cause rubric of Rule 16 before considering whether amendments are proper under Rule 15 or 21.") (citing *Sosa*, 133 F.3d at 1419). The "good cause" standard is an important tool for docket management, preclud[ing] modification [of a scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418. "If a party was not diligent, the (good cause) inquiry should end." *Id.* (additional citations omitted).

Applying these standards, the Court finds that Plaintiff's request to amend should be denied because of his failure to demonstrate "good cause" for the suggested amendments. Plaintiff has merely stated in vague and conclusory terms that granting the amendment will serve the demands of "justice." (Doc. 94 at 2) (Plaintiff states that "[j]ustice demands those parties be named individually and inclusively without it causing undue delay based upon the defendants [sic] actions which would be clear factors of establishing Mason's case beyond the foundational claims established at outset committed by Charles George and Kathy Batson, of discrimination.") As noted

2

above, however, at this stage, "good cause" is the relevant standard, not the concerns about "justice" that accompany a Rule 15 discretionary decision by the judge. Plaintiff's prejudice arguments are similarly unavailing as prejudice to Defendants does not factor into the Court's analysis under Rule 16.[1] *See E.E.O.C. v. Excel, Inc.*, 259 F.R.D. 652, 656 (N.D. Ga. 2009) ("[T]he Rule 16 inquiry does not turn on issues of prejudice.")

Plaintiff was given until April 1, 2013, to file any motions to join other parties or to amend pleadings. (Doc. 30 at 2.) Although Plaintiff alleges that the new complaint "accounts for the significant factual and procedural developments that have occurred since the original complaint was filed," Plaintiff has not alleged that he was unaware of the alleged "new" facts prior to April 1, 2013, nor has he alleged that the April 1, 2013 deadline could not be met despite his diligence.[2] Specifically, Plaintiff has not identified to what "factual and procedural developments" he is referring, when he learned of these facts, and why he was unable to discover said facts earlier. As such, Plaintiff has failed in his burden to make a specific proffer as to reasons that would support "good cause."

---

[1] Plaintiff's Motion also appears to argue that O.C.G.A. § 9-2-61(a) provides him the right to raise the claims decided by the Superior Court of Dougherty County in this Court. O.C.G.A. § 9-2-61(a) governs when a plaintiff may renew a case in state or federal court without running afoul of the applicable statute of limitations. This section of the Georgia code is only applicable, however, when a "plaintiff discontinues or dismisses" his complaint, or the case is "discontinued or dismissed without prejudice for lack of subject matter jurisdiction." Here, Plaintiff's claims for "racial discrimination, harassment, [and] retaliation" against Lamar and Churchman were dismissed with prejudice by the Superior Court of Dougherty County. Therefore, the provisions of O.C.G.A. § 9-2-61(a) are not applicable here. Not to mention the ability to bring another suit without being barred by the statute of limitations, a situation § 9-2-61(a) is intended to remedy, has no bearing on whether Plaintiff can amend his current federal complaint with leave of the Court.

[2] Plaintiff states that the new complaint accounts for factual and procedural developments that have occurred since the original complaint was filed. Plaintiff's original complaint was filed on October 22, 2012. (Doc. 1.) Because the deadline to amend pleadings/add parties was April 1, 2013, to obtain leave to amend, under Rule 16 standards, Plaintiff would have still had to show that the facts he is seeking to add only became known to him after April 1, 2013, despite his diligence. Plaintiff has failed to present any evidence to this effect.

3

While Plaintiff is proceeding *pro se*, and the Court is sensitive to this status, *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Thus, Plaintiff is not excused from setting forth assertions in support of his motion to amend that satisfy the "good cause" requirement. *Goolsby v. Gain Techs., Inc.*, 362 F. App'x 123, 131-32 (11th Cir. 2010) (concluding that district court did not abuse its discretion when it refused to allow *pro se* plaintiff's amendment for failure to show good cause); *Keeler v. Fla. Dept. of Health*, 324 F. App'x 850, 857-58 (11th Cir. 2009) (affirming district court's denial of motion to amend under Rule 16's "good cause" standard where *pro se* plaintiff offered no explanation as to why amendments were not sought in the time limit prescribed by the scheduling order). Accordingly, Plaintiff's Motion for Leave to Amend Complaint (Doc. 87) is **DENIED**.

      **SO ORDERED**, this  13th  day of February 2014.

                                  /s/ W. Louis Sands  
                                  **W. LOUIS SANDS, JUDGE**  
                                  **UNITED STATES DISTRICT COURT**